FRANCES DIEHL et al., Respondents, v. MYRON GARDEN APARTMENTS, INC., Appellant.

VAN VOORHIS, J. (dissenting). The record contains evidence that garbage was present upon the stairs of this apartment house over a period of several weeks prior to the 3d day of October, 1944, when plaintiff Frances Diehl fell, and that the landlord had been notified thereof. It appears to have spilled from the receptacles of other tenants while being carried out of the building. If this condition was not corrected before the accident, it was sufficient to create a question of fact concerning the landlord's negligence.

The building superintendent and his wife testified, however, that this stairway had been swept clear of garbage between 6:00 and 7:30 A.M. on the day of the accident, which occurred at 9:00 A.M. The jury were not obliged to believe their testimony to this effect, but defendant's counsel requested the court to charge the jury "that if they believe that the premises were swept clean between 6:00 and 7:30 A.M. of the morning of the day of the occurrence, and that thereafter some substance came upon that stairway without notice to the defendant or his agents, they must find a verdict for defendant." Exception was taken to the refusal thus to charge.

This request clearly should have been granted. Not only is it doubtful that the landlord was required to inspect this staircase every three hours to prevent its becoming laden with additional garbage, but also the effect of declining this request was to eliminate actual or constructive notice of the condition of the stairs at the time of the accident as an element in establishing liability. If the stairs were swept clear that morning, as this request assumed, then the landlord fulfilled its duty to clean out all garbage which had accumulated

until that time. The danger would have been removed, and the landlord could not be held liable for some new danger subsequently arising, unless the landlord is to be charged with having had notice of the new condition in time to have eradicated it in the exercise of reasonable care before the said plaintiff's accident.

This action cannot be decided on the theory that there was a continuous incidence of garbage which defendant had to be prepared at all times to fend off, so that after cleaning the stairs defendant would be obliged to be on hand without pause to clean them again. The conditions in the building, including difficulties which the tenants had in disposing of their garbage by the dumb waiter, may have required the landlord to be more than usually vigilant in keeping the stairs free from such refuse, and may have shortened the length of time which would otherwise have needed to elapse in order to charge defendant with constructive notice of new danger. It might require sweeping off the stairs more frequently than usually needful, but it could not render defendant liable to plaintiffs unless the garbage which was there when this lady slipped had been dropped long enough in advance of her accident so that the defendant under the circumstances of the case ought to have discovered and removed it. There is no evidence that this garbage had been there for any length of time before she fell, if the testimony of the building superintendent and his wife is to be believed that the stairs had been cleaned out that morning, and, in that event, plaintiffs must be deemed to have failed to have sustained the burden of proving actual or constructive notice of the danger which resulted in the accident.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Peck, P. J., Glennon and Dore, JJ., concur with decision; Van Voorhis, J., dissents in opinion in which Shientag, J., concurs.

Judgment affirmed, with costs. No opinion.